UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

JANE DOE,

Plaintiff-Appellant,

v.

<div style="border:1px solid black;">

**L'Anse Creuse
Defendants-Appellees'
Brief on Appeal**

</div>

ERIK EDOFF, Former L'Anse Creuse Public School Superintendent; MERE-DITH BEARD, Principal, L'Anse Creuse High School-North; ANDREA GLYNN, Principal, L'Anse Creuse Middle School-North; STACEY DETRICK, Assistant Principal, L'Anse Creuse Middle School-North; NICHO-LAS ELLUL, Assistant Principal, L'Anse Creuse High School-North; MICHAEL POLJANAE, Dean of Students, L'Anse Creuse High School-North; LORI ONEAL, Counselor, L'Anse Creuse High School-North; DEBO-RAH LANGKEM, Counselor, L'Anse Creuse Middle School-North; MEGAN JANIJA, L'Anse Creuse High School-North; BRYAN LORENZO, 6th Grade Gym Teacher,L'Anse Creuse Middle School-North; KELLI BERNARD, 6th Grade Art Teacher, L'Anse Creuse Middle School-North; ALLISON BOSKA, 6th Grade Science Teacher, L'Anse Creuse Middle School-North; TINA BEN-NION, 6th Grade Social Studies Teacher, L'Anse Creuse Middle School-North; ASHLEY LAURETTI, 6th Grade English Teacher, L'Anse Creuse Middle School-North; KIM NYENHUIS, 6th Grade Drama Teacher, L'Anse Creuse Middle School-North; JACQUELINE FERRAZZA, 6th Grade Tech Ed Teacher, L'Anse Creuse Middle School-North; LAURA TREMBLAY, 7th Grade Social Studies Teacher, L'Anse Creuse Middle School-North; SAMAN-THA MOUCHA, 7th Grade Math Teacher, L'Anse Creuse Middle School-North; JOSEPH MONTELEONE, 7th Grade Science Teacher, L'Anse Creuse Middle School-North; ANGELA CAPADAGLI, 7th Grade English Teacher, L'Anse Creuse Middle School-North; SNEHA ROSATI, 7th Grade Choir Teacher, L'Anse Creuse Middle School-North; MARYJEAN YORK, 7th Grade Computer/Internet, Choir, L'Anse Creuse Middle School-North; ALI-SHA KRCEK, 8th Grade Science, L'Anse Creuse Middle School-North; CARRIE FAJOU, Social Studies 8th Teacher,L'Anse Creuse Middle School-North; CINDY ECKENSWILLER, 8th Grade English Teacher, L'Anse Creuse Middle School-North; JORDAN DAVID, 12th Grade Italian Teacher, L'Anse Creuse High School-North; JOHN PIZZO, 12th Grade Statistics, L'Anse Creuse High School-North; AMY TRUDEU, 12th Grade English, L'Anse

Creuse High School-North; LUCIANO CRESCENTINI, 12th Grade Health Ed, L'Anse Creuse High School-North; KITTY REIFERT, 12th Grade Creative Writing, L'Anse Creuse High School-North; CARRIE KAITZ, 12th Grade Physics, L'Anse Creuse High School-North; DAWN HANNAWI, 11th Grade Social Studies 1st Semester; TERRY EBORY, 11th Grade Social Studies 2nd Semester; SHEILA SPRINGSTEIN, 2D Act, L'Anse Creuse High School-North; KYLE HAGEL, 1st Semester Algebra 1 Teacher, L'Anse Creuse High School-North; ELMIR SABANOVIC, 2nd Semester Algebra 1 Teacher, L'Anse Creuse High School-North; KAYLA GRAMER, 1st Semester Algebra 2 Teacher, L'Anse Creuse High School-North; DEANA PATTERSON, 2nd Semester Algebra 2 Teacher, L'Anse Creuse High School-North,

        L'Anse Creuse Defendants-Appellees,

and

DANIEL SCHARF, Acting Team Leader, U.S. Department of Education Office of Civil Rights Division - Ohio Branch; CHANDRA S. BALDWIN, Senior Attorney, U.S. Department of Education Office of Civil Rights Division - Ohio Branch; SUWAN PARK, U.S. Department of Education Office of Civil Rights Division -Ohio Branch; JOHN COHEN, Team Leader, U.S. Department of Education Office of Civil Rights Division - Ohio Branch,

        Defendants-Appellees.

---

Appeal from the United States District Court
for the Eastern District of Michigan, Southern Division, No. 24-cv-13209

---

## L'Anse Creuse Defendants-Appellees'
## Brief on Appeal

**GARAN LUCOW MILLER, P.C.**
BENJAMIN A. TIGAY (P82937)
*Attorneys for L'Anse Creuse*
*Defendants-Appellees*
1155 Brewery Park Boulevard, Suite 200
Detroit, Michigan 48207-2641
(313) 446-5515
btigay@garanlucow.com

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

# Disclosure of Corporate Affiliations
# and Financial Interest

Sixth Circuit
Case Number: 25-1452  Case Name: Jane Doe v. Erik Edoff, et al.

Name of counsel: Benjamin A. Tigay

Pursuant to 6th Cir. R. 26.1,  L'Anse Creuse Defendants-Appellees
*Name of Party*

makes the following disclosure:

1. Is said party a subsidiary or affiliate of a publicly owned corporation? If yes, list below the
   identity of the parent corporation or affiliate and the relationship between it and the named
   party:

   No.

2. Is there a publicly owned corporation, not a party to the appeal, that has a financial interest
   in the outcome? If yes, list the identity of such corporation and the nature of the financial
   interest:

   No.

### CERTIFICATE OF SERVICE

I certify that on ___December 2, 2025___ the foregoing document was served on all parties or
their counsel of record through the CM/ECF system if they are registered users or, if they are not, by
placing a true and correct copy in the United States mail, postage prepaid, to their address of record.

/s/  Benjamin A. Tigay
btigay@garanlucow.com
(P82937)

This statement is filed twice: when the appeal is initially opened and later, in the principal briefs,
immediately preceding the table of contents. See 6th Cir. R. 26.1 on page 2 of this form.

# TABLE OF CONTENTS

Disclosure of Corporate Affiliations and Financial Interest

Table of Contents............................................................................. i

Disclosure of Corporate Affiliations and Financial Interest ........................... i

Index of Authorities ..................................................................... ii

Statement Regarding Oral Argument ........................................................ iv

Statement of Jurisdiction ................................................................ 1

Statement of Issues Presented ............................................................ 1

Statement of the Case .................................................................... 2

Summary of the Argument .................................................................. 3

Argument ................................................................................. 4

    1.   This Court's standard of review is for an abuse of discretion. .............. 4

    2.   Jane Doe gave no proper basis for proceeding under a pseudonym, and the district court's dismissal should be affirmed. ........................................................................... 4

Conclusion ............................................................................... 8

Certificate of Compliance

Certificate of Service

Designation of Record on Appeal

Addendum

# INDEX OF AUTHORITIES

## Cases

*Citizens for a Strong Ohio v. Marsh*,
    123 F. App'x 630 (6th Cir. 2005) ............................................................ 6

*D.E. v. John Doe*,
    834 F.3d 723(6th Cir. 2016) ................................................................ 6

*Doe v. Carson*,
    No. 19-1566, 2020 WL 2611189 (6th Cir. May 6, 2020) ....................... 7

*Doe v. Kamehameha Sch. / Bernice Pauahi Bishop Est.*,
    596 F.3d 1036 (9th Cir. 2010) ............................................................. 6

*Doe v. Porter*,
    370 F.3d 558 (6th Cir. 2004) ..................................................... 3, 4, 5, 7

*E.E.O.C. v. Peoplemark, Inc.*,
    732 F.3d 584 (6th Cir. 2013) ............................................................... 4

*Goodpasture v. Tennessee Val. Auth.*,
    434 F.2d 760 (6th Cir. 1970) ............................................................... 7

*Himes v. United States*,
    645 F.3d 771 (6th Cir. 2011) ............................................................... 8

*Koe v. Univ. Hosps. Health Sys., Inc.*,
    No. 22-3952, 2024 WL 1048184 (6th Cir. Mar. 8, 2024) ...................... 7

*Nat'l Commodity & Barter Ass'n, Nat'l Commodity Exch. v. Gibbs*,
    886 F.2d 1240 (10th Cir. 1989) ........................................................... 6

## Court Rules / Statutes / Other Authorities

28 U.S.C. § 1331 ...................................................................................... 1

Civil Rights Act of 1866 ........................................................................... 1

E.D. Mich. LR 7.1 .................................................................................... 3

Fed. R. App. P. 4(a)(1)(A) ........................................................................ 1

Fed. R. App. P. 34(a)(2) ................................................................ iv

Fed. R. Civ. P. 5.2(a)(1) ................................................................ 5

Fed. R. Civ. P. 5.2(a)(3) ................................................................ 5

Fed. R. Civ. P. 10 ......................................................................... 3

Fed. R. Civ. P. 10(a) ................................................................. 4, 6

Fed. R. Civ. P. 78(b) ..................................................................... 7

U.S. Const., Am. XIV ................................................................... 1

# STATEMENT REGARDING ORAL ARGUMENT

Oral argument should not be permitted in this case. The L'Anse Creuse Defendants[1] submit that oral argument is unnecessary because the lawsuit is frivolous and "the decisional process would not be significantly aided by oral argument." Fed. R. App. P. 34(a)(2). If this Court schedules oral argument in this appeal, the L'Anse Creuse Defendants request to participate.

---

[1] All defendants-appellees with a connection to L'Anse Creuse Public Schools are referred to collectively as the L'Anse Creuse Defendants-Appellees.

## STATEMENT OF JURISDICTION

This Court has jurisdiction to hear this appeal. Jane Doe filed an original action in the district court with claims, as she put it, under the 14th Amendment and the Civil Rights Act of 1866. (Complaint, R. 1, Page ID # 16.) The district court therefore had jurisdiction over this case under 28 U.S.C. § 1331.

Jane Doe's case comes to this Court via a notice of appeal. The district court case was dismissed without prejudice on April 16th, 2025. (Judgment, R. 44, Page ID # 295.) Jane Doe then filed a notice of appeal on April 30th. (Notice of Appeal, R. 45, Page ID # 296.) Jane Doe's appeal was timely. Fed. R. App. P. 4(a)(1)(A). The Sixth Circuit case was briefly dismissed for want of prosecution related to the filing fee but has since been reinstated and is in the briefing stage.

## STATEMENT OF ISSUES PRESENTED

A plaintiff cannot proceed under a pseudonym without a showing that her privacy interests substantially outweigh the presumption of open court proceedings. Plaintiff-Appellant Jane Doe did not make the required showing to proceed pseudonymously and did not file an amended complaint to proceed under her own name. Was the district court correct to dismiss Jane Doe's case?

## STATEMENT OF THE CASE

### A. Background Facts.

Plaintiff-Appellant Jane Doe filed her complaint against over 40 defendants, alleging that the grades for her children were unjustly falsified and manipulated. (Complaint, R. 1, Page ID # 18.) The majority of the defendants have a connection to L'Anse Creuse Public Schools as teachers or administrators. (R. 1, Page ID ## 4–12.) Jane Doe claims that the defendants illegally manipulated and falsified her children's school records and caused the children harm by missing out on scholarships, awards, and possible employment opportunities. (R. 1, Page ID # 18.) Jane Doe seeks $655,640 in damages and an additional $150 million in punitive damages. (R. 1, Page ID # 20.)

### B. Procedural Facts.

Jane Doe sued in December 2024. (Complaint, R.1.) She also immediately filed a motion to proceed under a pseudonym. (Motion to proceed as Jane Doe, R. 3, Page ID # 25.) In her motion, Jane Doe requests anonymity because the case included minors and that she had a "fear of retaliation." (*Id.*) The L'Anse Creuse Defendants responded to Jane Doe's motion with their own motion for a more definite statement and to prohibit her proceeding under a pseudonym. (Motion for More Definite Statement, R. 10.)

The district court denied Jane Doe's motion to proceed under a pseudonym. (Opinion & Order, R. 35.) The district court discussed the four factors listed in *Doe v. Porter*, 370 F.3d 558, 560 (6th Cir. 2004), and ultimately held that Jane Doe did not meet her burden to proceed under pseudonym. (R. 25, Page ID ## 232–33.) The district court then ordered Jane Doe to file an amended complaint with her full name in the caption. (*Id.* at Page ID # 236.)

Jane Doe subsequently filed a letter that the district court interpreted as a motion for reconsideration. (Motion, R. 37, Page ID # 245.) Based on the standards in E.D. Mich. LR 7.1, the district court denied Jane Doe's motion for reconsideration. (Order Denying Plaintiff's Motion for Reconsideration, R. 38, Page ID # 248.) The deadline for Jane Doe to file an amended complaint with her real name came and went without a corrected filing. The district court then dismissed Jane Doe's case. (Order of Dismissal, R. 43 Page ID # 292; Judgment, R. 44, Page ID # 295.)

This appeal followed.

## SUMMARY OF THE ARGUMENT

The district court was correct to dismiss Jane Doe's complaint. There is a presumption of openness to judicial proceedings. Jane Doe did not show any facts that warrant an exception to that rule. Moreover, Fed. R. Civ. P. 10 requires that all parties to a case be named, and this Court does not have

jurisdiction over an unnamed plaintiff. The district court's decision should be affirmed.

## ARGUMENT

### 1. This Court's standard of review is for an abuse of discretion.

The district court's decision on Jane Doe's motion to proceed pseudonymously is reviewed for an abuse of discretion. *Doe v. Porter*, 370 F.3d 558, 560 (6th Cir. 2004). An abuse of discretion "is defined as a definite and firm conviction that the trial court committed a clear error of judgment." *E.E.O.C. v. Peoplemark, Inc.*, 732 F.3d 584, 590 (6th Cir. 2013). A district court necessarily abuses its discretion "when it applies an erroneous legal standard, misapplies the proper legal standard, or relies on clearly erroneous facts." *Id.*

### 2. Jane Doe gave no proper basis for proceeding under a pseudonym, and the district court's dismissal should be affirmed.

Plaintiff-Appellant Jane Doe filed a complaint with the district court initially listing over 40 defendants by name while she listed only a pseudonym for herself. (Complaint, R. 1, Page ID # 1.) A complaint "must name all the parties" in the action. Fed. R. Civ. P. 10(a). A plaintiff may proceed under a pseudonym only when "privacy interests substantially outweigh the presumption of open

judicial proceedings." *Porter*, 370 F.3d at 560. In deciding whether a plaintiff can proceed under pseudonym, courts consider:

> (1) whether the plaintiffs seeking anonymity are suing to challenge governmental activity;
> (2) whether prosecution of the suit will compel the plaintiffs to disclose information "of the utmost intimacy";
> (3) whether the litigation compels plaintiffs to disclose an intention to violate the law, thereby risking criminal prosecution; and
> (4) whether the plaintiffs are children.

*Id.*

In Jane Doe's motion and on appeal, she argues for proceeding under a pseudonym based on the potential disclosure of social security numbers, that minors are involved in the case, and a general "fear of retaliation." (Motion, R. 3, Page ID # 25.)

Here, the district court was right to deny Jane Doe's motion to proceed under a pseudonym. Jane Doe did not discuss why social security numbers would be at risk of disclosure, and federal courts generally protect such information from full disclosure in every case, whether a party proceeds under a pseudonym or not. Fed. R. Civ. P. 5.2(a)(1). Thus, no information "of the utmost intimacy" was at risk of disclosure.

As to minors being involved, only a minor's initials would need to be used in filings (*see* Rule 5.2(a)(3)), and Jane Doe has made no claim that she herself is a minor and needs the protection of a pseudonym. The involvement of minors

could have been safeguarded via other means and without the need for Jane Doe herself as the plaintiff to proceed under pseudonym.

Jane Doe has made further made no claim that anonymity is necessary because she risks criminal prosecution based on any allegations or conduct related to the lawsuit.

And while Jane Doe challenges the actions of public school employees, she "did not articulate concerns that outweigh the presumption of openness in judicial proceedings." *D.E. v. John Doe*, 834 F.3d 723, 728 (6th Cir. 2016). Jane Doe made a bare assertion that she fears retaliation with no explanation or supporting evidence and did not articulate why anonymity is necessary against these defendants in this case.

This Court has previously affirmed a dismissal when a plaintiff fails to secure permission to proceed under a pseudonym. *Citizens for a Strong Ohio v. Marsh*, 123 F. App'x 630, 637 (6th Cir. 2005). When a plaintiff fails to secure permission to proceed under a pseudonym, that "is fatal to an anonymous plaintiff's case." *Id*. When a plaintiff stays anonymous, contrary to Rule 10(a), "the federal courts lack jurisdiction over the unnamed parties." *Id.*, citing *Nat'l Commodity & Barter Ass'n, Nat'l Commodity Exch. v. Gibbs*, 886 F.2d 1240, 1245 (10th Cir. 1989); accord *Doe v. Kamehameha Sch./Bernice Pauahi Bishop Est.*, 596 F.3d 1036, 1046 (9th Cir. 2010) ("we affirm the district court's order dismissing the

case based on plaintiffs' failure to disclose their identities"); *Doe v. Carson*, No. 19-1566, 2020 WL 2611189 (6th Cir. May 6, 2020) ("the district court properly dismissed her case based on her failure to comply with Rule 10(a) by filing an amended complaint identifying herself"); and *Koe v. Univ. Hosps. Health Sys., Inc.*, No. 22-3952, 2024 WL 1048184 (6th Cir. Mar. 8, 2024) (affirmed the dismissal of an anonymous plaintiff's complaint).

Jane Doe's motion to proceed under pseudonym was properly denied. She failed her burden to show that her "privacy interests substantially outweigh the presumption of open judicial proceedings." *Porter*, 370 F.3d at 560. By not re-filing her complaint with her real name, Jane Doe missed the district court's deadline and the district court could not have jurisdiction over an unnamed party. The district court's decision to dismiss Jane Doe's case was therefore correct.

To the extent that Jane Doe seeks to appeal the district court's decision not to hold a hearing on her motion to proceed under pseudonym, that decision was also correct and within the district court's discretion. A district court "may provide for submitting and determining motions on briefs." Fed. R. Civ. P. 78(b). As a general rule, "litigants are not entitled as a matter of right to an oral hearing on every motion." *Goodpasture v. Tennessee Val. Auth.*, 434 F.2d 760, 764 (6th Cir. 1970). Jane Doe failed "to demonstrate what arguments or responses

they could not make in their briefs and memoranda on these issues," and she had the opportunity to be "heard" on the issue by filing her motion and arguments in support. *See Himes v. United States*, 645 F.3d 771, 784 (6th Cir. 2011). The district court therefore did not abuse its discretion in deciding her motion without a hearing.

## CONCLUSION

The L'Anse Creuse Defendants-Appellees request that this Court affirm the district court's order dismissing Jane Doe's complaint.

GARAN LUCOW MILLER, P.C.

By: /s/ Benjamin A. Tigay
BENJAMIN A. TIGAY (P82937)
*Attorneys for L'Anse Creuse*
*Defendants-Appellees*
1155 Brewery Park Boulevard, Suite 200
Detroit, Michigan 48207-2641
Dated:  December 2, 2025        (313) 446-5515
7487839                         btigay@garanlucow.com

# CERTIFICATE OF COMPLIANCE

1.  Exclusive of the exempted portion in 6th Cir. R. 32(a)(7)(B)(iii), the brief contains (select one):

    ☒  this document contains _____1,623_____ words, or

    ☐  this brief uses a monospaced typeface and contains _____ lines of text.

2.  This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because:

    ☒  this document has been prepared in a proportionally spaced typeface using _____Calisto MT_____ in

    _____14 point_____, or

    ☐  this document has been prepared in a monospaced typeface using _____ with

    _____.

    /s/__Benjamin A. Tigay_____

    Attorney for __L'Anse Creuse Defendants-Appellees_____

    Dated:  _December 2, 2025_____

**Case No. 25-1452**

# UNITED STATES COURT OF APPEALS
# FOR THE SIXTH CIRCUIT

JANE DOE,

        Plaintiff-Appellant,

v

ERIK EDOFF, Former L'Anse Creuse
Public School Superintendent; et al.,

        L'Anse Creuse Defendants-Appellees,

and

DANIEL SCHARF, Acting Team Leader,
U.S. Department of Education Office of Civil
Rights Division - Ohio Branch; et al.,

        Defendants-Appellees.

---

**CERTIFICATE OF SERVICE**

I certify that on <u>   December 2, 2025   </u> the foregoing document was served on all parties or their counsel of record through the CM/ECF system if they are registered users or, if they are not, by placing a true and correct copy in the United States mail, postage prepaid, to their address of record.

            <u>/s/   Benjamin A. Tigay      </u>
            <u>     btigay@garanlucow.com   </u>
            <u>       (P82937)        </u>

**Case No. 25-1452**

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**Designation of Record on Appeal**

Pursuant to Sixth Circuit Rule 30(g), the L'Anse Creuse Defendants-Appellees designate the following filings in the district court for inclusion in the Record on Appeal:

| Record Entry # | Description of Entry | Page ID# |
|---|---|---|
| R. 1 | Complaint, 12/3/2024 | 1-22 |
| R. 3 | Motion to Proceed as Jane Doe, 12/3/2024 | 25 |
| R. 10 | Motion for More Definite Statement and to Prohibit Proceedings as "Jane Doe", 2/3/2025 | 119-144 |
| R. 35 | Opinion & Order Denying Plaintiff's Motion to Proceed as Jane Doe (ECF No. 3) and Denying Defendants' Motion for More Definite Statement (ECF No. 10), 3/6/2025 | 228-237 |
| R. 37 | Letter from Jane Doe [construed as a motion seeking reconsideration of R. 35], 3/21/2025 | 245 |
| R. 38 | Order Denying Plaintiff's Motion for Reconsideration (R. 37), 3/21/2025 | 246-248 |
| R. 43 | Order of Dismissal, 4/16/2025 | 292-294 |
| R. 44 | Judgment, 4/16/2025 | 295 |
| R. 45 | Notice of Appeal, 4/30/2025 | 296-297 |

7529223

**Case No. 25-1452**

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**Addendum**

*Doe v. Carson*,
    No. 19-1566, 2020 WL 2611189 (6th Cir. May 6, 2020)

*Koe v. Univ. Hosps. Health Sys., Inc.*,
    No. 22-3952, 2024 WL 1048184 (6th Cir. Mar. 8, 2024)

Doe v. Carson, Not Reported in Fed. Rptr. (2020)

2020 WL 2611189

2020 WL 2611189
Only the Westlaw citation is currently available.
United States Court of Appeals, Sixth Circuit.

Jane DOE, Plaintiff-Appellant,

v.

Ben CARSON, as Executive Director,
U.S. Department of Housing and Urban
Development, et al., Defendants-Appellees.

Nos. 19-1566/19-1714
|
FILED May 06, 2020

ON APPEAL FROM THE UNITED STATES DISTRICT
COURT FOR THE WESTERN DISTRICT OF MICHIGAN

**Attorneys and Law Firms**

Jane Doe, Pro Se

Jeanne Frances Long, Office of the U.S. Attorney, Grand
Rapids, MI, for Defendants - Appellees Ben Carson, Earl
Poleski

Erik Alwyn Graney, Office of the Attorney General, Lansing,
MI, for Defendant - Appellee

Before: SUTTON, McKEAGUE, and NALBANDIAN,
Circuit Judges.

ORDER

 **\*1** Jane Doe, a Michigan litigant proceeding pro se, appeals
the district court's orders denying her motion to amend her
complaint and denying her motion to retain her anonymity.
This case has been referred to a panel of the court that, upon
examination, unanimously agrees that oral argument is not
needed. See Fed. R. App. P. 34(a).

Doe filed a complaint against Ben Carson as Executive
Director of the United States Department of Housing and
Urban Development, Earl Poleski as Executive Director of the
Michigan State Housing Development Authority, the United
States, and the United States Attorney, claiming disability
discrimination in violation of the Rehabilitation Act and
the Americans with Disabilities Act with respect to her

participation in the housing voucher program. Doe alleged
that she is a qualified individual with a disability and that her
disability is "brain dysfunction" or "mental illness."

Doe subsequently filed an amendment to her complaint.
Doe then filed a motion to further amend her complaint
and for appointment of counsel and a motion to retain
her anonymity. A magistrate judge denied Doe's motion
to amend her complaint and for appointment of counsel.
With respect to Doe's motion to retain her anonymity, the
magistrate judge recommended that Doe's motion be denied
and that the case be dismissed if she failed to amend her
complaint to identify herself by her legal name. Over Doe's
objection, the district court adopted the magistrate judge's
report and recommendation, denied Doe's motion to retain her
anonymity, and ordered Doe to file an amended complaint
identifying herself within twenty-one days. Doe filed a notice
of appeal (No. 19-1566). To the extent that Doe's interlocutory
appeal could be construed as an appeal to the district court
from the magistrate judge's order denying her motion to
amend her complaint and for appointment of counsel, the
district court denied her appeal. Because Doe did not file
an amended complaint identifying herself within twenty-one
days, the district court dismissed her case. Doe filed another
notice of appeal (No. 19-1714).

On appeal, Doe challenges the denial of her motion to amend
her complaint and the denial of her motion to retain her
anonymity. Doe moves this court for assignment to a new
judge if this case is remanded to the district court.

The district court denied Doe's motion to further amend her
complaint because she failed to submit a proposed amended
complaint. Doe argues on appeal that providing a copy of her
amended complaint in advance would be "very arduous and
expensive" and that "going through the effort only to have
it rejected would be very difficult." Federal Rule of Civil
Procedure 15(a)(2) provides that the district court "should
freely give leave [to amend] when justice so requires."
However, the district court must be able to determine
whether 'justice so requires,' and in order to do this, the
court must have before it the substance of the proposed
amendment." *Roskam Baking Co. v. Lanham Mach. Co.*, 288
F.3d 895, 906 (6th Cir. 2002). Because Doe did not submit
her proposed amended complaint, merely asserting in her
motion to amend that the defendants had other statutory duties
falling outside disability law, the district court did not abuse
its discretion in denying her motion. See *id.* at 906–07.

Doe v. Carson, Not Reported in Fed. Rptr. (2020)

2020 WL 2611189

**\*2** The district court denied Doe's motion to retain her anonymity and subsequently dismissed her case when she failed to file an amended complaint identifying herself. We review the district court's denial of Doe's motion to retain her anonymity for abuse of discretion. *See D.E. v. Doe*, 834 F.3d 723, 728 (6th Cir. 2016).

"As a general matter, a complaint must state the names of all parties." *Doe v. Porter*, 370 F.3d 558, 560 (6th Cir. 2004) (citing Fed. R. Civ. P. 10(a) ). "Under certain circumstances, however, the district court may allow a plaintiff to proceed under a pseudonym by granting a protective order." *D.E.*, 834 F.3d at 728. "It is the exceptional case in which a plaintiff may proceed under a fictitious name." *Doe v. Frank*, 951 F.2d 320, 323 (11th Cir. 1992) (per curiam). In determining "whether a plaintiff's privacy interests substantially outweigh the presumption of open judicial proceedings," courts consider:

(1) whether the plaintiffs seeking anonymity are suing to challenge governmental activity; (2) whether prosecution of the suit will compel the plaintiffs to disclose information "of the utmost intimacy"; (3) whether the litigation compels plaintiffs to disclose an intention to violate the law, thereby risking criminal prosecution; and (4) whether the plaintiffs are children.

*Porter*, 370 F.3d at 560 (citing *Doe v. Stegall*, 653 F.2d 180, 185–86 (5th Cir. 1981) ).

In her motion to retain her anonymity, Doe acknowledged that the defendants must know her identity to respond to her complaint, but asked that the district court permanently seal information about her identity and that the defendants be prohibited from "publishing" information about her identity or the nature of her medical issues. Doe asserted: "Revealing medical diagnoses of brain disorders and the effects thereof of any person relevant to their mental health renders an individual subject to fear, paranoia, ridicule and intimidation due to the public's inadequate understanding and false negative assumptions of the true nature of unseen disabilities."

In recommending that Doe's motion be denied, the magistrate judge noted that she "arguably" challenged governmental activity but found that none of the other *Porter* factors weighed in favor of her request. The magistrate judge was unpersuaded that pursuit of her claims would compel Doe to disclose information "of the utmost intimacy." Although the magistrate judge sympathized with Doe's desire to maintain privacy with respect to her medical impairments and treatment, the magistrate judge stated that she could request

submission of her medical records under seal. Doe objected to the magistrate judge's report and recommendation, asserting that "the stigma of mental illness is one of the worst ones in society," that the submission of medical records under seal would not avoid "revealing the fact of mental illness which is the main subject of every section of the complaint," and that she would "never be able to work again if the court insists on putting a permanent record on the internet of this illness in her real name."

The district court adopted the magistrate judge's report and recommendation and denied Doe's motion to retain her anonymity. The district court agreed with the magistrate judge that "concerns about stigma and scrutiny from prospective employers do not involve information 'of the utmost intimacy'; rather, they constitute the type of concerns harbored by other similarly situated litigants who file lawsuits under their real names." The district court pointed out that, even assuming that Doe satisfied the second factor, that factor was not dispositive. According to the district court, Doe failed to demonstrate any error in the magistrate judge's ultimate conclusion that all four *Porter* factors, considered together, did not establish exceptional circumstances to warrant an exception from the general rule under Rule 10(a) that a plaintiff's complaint "must name all the parties."

**\*3** The district court, having considered the relevant factors in determining that Doe failed to establish exceptional circumstances to overcome the presumption of open judicial proceedings, did not abuse its discretion in denying her motion to retain her anonymity. Doe asserted that Congress, in enacting the Americans with Disabilities Act, recognized the discrimination and prejudice faced by persons with disabilities and that "the stigma of mental illness is one of the worst ones in society." But Doe failed to identify any exceptional circumstances distinguishing her case from other cases brought by plaintiffs claiming disability discrimination who suffer from mental illness. As Doe acknowledged in her motion, "[t]his decision affects Doe and any victim of disability discrimination likewise situated." Nor did Doe identify any specific harm arising from disclosure of her identity. Doe, who alleged in her complaint that she is completely disabled and unable to work, speculated that she would "never be able to work again" if the district court required her identification. In the case cited by Doe, *Doe v. Sessions*, No. 18-0004, 2018 WL 4637014 (D.D.C. Sept. 27, 2018), the plaintiff alleged that the defendants humiliated and harassed him based on his sensitive mental conditions, which he had kept confidential for twenty-five years, and asserted

Doe v. Carson, Not Reported in Fed. Rptr. (2020)

2020 WL 2611189

that public identification would cause him to be traumatized again. *Id.* at *4. Unlike the plaintiff in that case, Doe did not assert any harassment by the defendants or claim any potential exacerbation of her mental illness.

Doe argues on appeal that she has a First Amendment right to petition for the redress of grievances without roadblocks keeping her from exercising that right. Because any lawsuit against the government would implicate the First Amendment right to petition for redress of grievances, Doe's argument fails to show exceptional circumstances warranting the use of a pseudonym. Doe also contends that statutes such as the Freedom of Information Act and the Health Insurance Portability and Accountability Act provide for the protection of private medical information. Although these laws support the nondisclosure of medical records, they do not entitle Doe to litigate under a pseudonym.

The district court did not abuse its discretion in determining that Doe's case did not present exceptional circumstances to excuse her from Rule 10(a)'s requirement that a plaintiff's complaint "must name all the parties." Doe does not challenge the district court's subsequent dismissal of her case for failure to file an amended complaint identifying herself. Regardless, because the district court did not abuse its discretion in denying Doe's motion to retain her anonymity, the district court properly dismissed her case based on her failure to comply with Rule 10(a) by filing an amended complaint identifying herself. *See Doe v. Kamehameha Sch./Bernice Pauahi Bishop Estate*, 596 F.3d 1036, 1046 (9th Cir. 2010) (affirming dismissal of case based on the plaintiffs' failure to disclose their identities).

For these reasons, we **AFFIRM** the district court's orders and **DENY** Doe's motion for assignment to a new judge as moot.

**All Citations**

Not Reported in Fed. Rptr., 2020 WL 2611189

---

© 2025 Thomson Reuters. No claim to original U.S. Government Works.

Koe v. University Hospitals Health Systems, Inc., Not Reported in Fed. Rptr. (2024)

2024 WL 1048184

2024 WL 1048184
Only the Westlaw citation is currently available.
United States Court of Appeals, Sixth Circuit.

John KOE, a pseudonym, Plaintiff-Appellant,

v.

UNIVERSITY HOSPITALS HEALTH
SYSTEMS, INC., et al., Defendants-Appellees.

No. 22-3952
|
FILED March 8, 2024

ON APPEAL FROM THE UNITED STATES DISTRICT
COURT FOR THE NORTHERN DISTRICT OF OHIO

**Attorneys and Law Firms**

John Koe, Novelty, OH, Pro Se.

David A. Campbell, III, Donald Gabriel Slezak, Gordon
Rees Scully Mansukhani, Cleveland, OH, for Defendants-
Appellees.

Before: SUTTON, Chief Judge; NORRIS and SILER, Circuit
Judges.

ORDER

 **\*1** John Koe, an anonymous pro se Ohio plaintiff, appeals
the district court's dismissal of his federal employment-
discrimination and retaliation complaint without prejudice
upon initial screening under 28 U.S.C. § 1915(e) for lack
of jurisdiction. This case has been referred to a panel of the
court that, upon examination, unanimously agrees that oral
argument is not needed. *See* Fed. R. App. P. 34(a). We affirm
for the reasons that follow.

Koe was a medical resident at Case Western Reserve
University/University Hospitals Cleveland Medical Center
from June 2019 until he was discharged in April 2021,
ostensibly because he lost his privileges to practice at the
Cleveland Veterans Affairs Medical Center. Koe claimed,
however, that he was terminated because he resisted having
to participate in unspecified mental health counseling through
the hospital's employee assistance program (EAP). Koe's
complaint is unclear as to what prompted his supervisors

to order this counseling. Koe claimed, however, that the
hospital's use of the EAP in this fashion was abusive, and
he filed a complaint with the National Labor Relations Board
and the Equal Employment Opportunity Commission over
this practice. Koe also complained to his supervisors that one
of his colleagues subjected him to a hostile work environment
by quizzing him about his family's medical history.

Koe, proceeding pro se and in forma pauperis, filed this
employment-discrimination and retaliation action[1] against
University Hospitals Health System, Inc. and University
Hospitals Cleveland Medical Center. In the complaint,
Koe moved the district court for permission to proceed
anonymously, arguing that bringing this action would
require him to disclose unspecified information of the
"utmost intimacy" from his counseling sessions. Koe further
contended that "medical decisions relating to his health care
and treatment are sensitive and personal matters warranting
use of a pseudonym." And he suggested that not allowing
him to proceed anonymously would violate the Americans
with Disabilities Act's provisions concerning the privacy of
medical information.

The defendants responded with a motion to dismiss, arguing
that the court lacked subject-matter jurisdiction over the
case because, by proceeding anonymously, Koe had not
properly commenced an action under Federal Rules of Civil
Procedure 3, 7, and 10. Additionally, the defendants asked
the district court to issue a protective order under Federal
Rule of Civil Procedure 26(c)(1) to prohibit Koe from
communicating directly with their officers, employees, and
affiliates, and to direct all of his communications concerning
the lawsuit to their trial counsel. The defendants attached to
their motion copies of emails that Koe had sent to some of
his former colleagues that the recipients viewed as harassing
and correspondence that Koe had sent to the defendants'
directors in which he disparaged their trial counsel. The
district court granted the defendants' motion for a protective
order before Koe had an opportunity to respond because
they had demonstrated "consistent and routine inappropriate
communications from *pro se* Plaintiff John Koe directly to
various employees of the Defendants."

 **\*2** The district court granted Koe's motion to proceed in
forma pauperis, reviewed his complaint to determine whether
it was subject to dismissal under § 1915, and concluded that
he had not established good cause to proceed anonymously.
Although Koe had alleged that the lawsuit would require him
to disclose intimate information, the court found that he had

Koe v. University Hospitals Health Systems, Inc., Not Reported in Fed. Rptr. (2024)

2024 WL 1048184

not shown that his case was different from cases brought by other persons with mental-health disabilities. Further, the court found that Koe had not identified any specific harm that would result from the disclosure of his identity. Finally, the court reasoned that the factual allegations in Koe9s complaint, including his medical specialty, dates of employment, and the names of the persons involved in the EAP assessment, made it easy to identify him. The court concluded therefore that Koe9s privacy interests did not outweigh the presumption in favor of open judicial proceedings. And because Koe was not entitled to proceed anonymously, the district court dismissed the complaint without prejudice for lack of jurisdiction.

The district court gave Koe the opportunity to reopen the case by filing an amended complaint identifying himself within 14 days. Instead of filing an amended complaint, Koe moved under Federal Rule of Civil Procedure 59(e) to alter or amend the judgment. The district court denied that motion.

On appeal, Koe argues that the district court erred in concluding that it lacked jurisdiction over the case due to his use of a pseudonym. Further, Koe contends that the district court denied him a full and fair opportunity to establish that he should be allowed to proceed anonymously. Lastly, Koe argues that the district court9s protective order violated his rights under the First Amendment and the Norris-LaGuardia Act.

A complaint usually must state the names of all parties. Fed. R. Civ. P. 10(a). A district court may, however, permit a party to proceed anonymously after considering, among other factors, whether the case challenges government activity, whether the party would be compelled to disclose "information of the utmost intimacy" or "an intention to violate the law," and whether the party is a child. *Doe v. Porter*, 370 F.3d 558, 560 (6th Cir. 2004) (quotation omitted). "Examples of areas where courts have allowed pseudonyms include cases involving 8abortion, birth control, transexuality, mental illness, welfare rights of illegitimate children, AIDS, and homosexuality.9" *Doe v. Megless*, 654 F.3d 404, 408 (3d Cir. 2011) (quoting *Doe v. Borough of Morrisville*, 130 F.R.D. 612, 614 (E.D. Pa. 1990)). "But the fact that a case involves a medical issue is not a sufficient reason for allowing the use of a fictitious name, even though many people are understandably secretive about their medical problems." *Doe v. Blue Cross & Blue Shield United of Wis.*, 112 F.3d 869, 872 (7th Cir. 1997). The key inquiry is whether the party9s interest in privacy outweighs the presumption in favor of open judicial proceedings. *D.E. v. John Doe*, 834 F.3d 723, 728 (6th Cir.

2016); *Porter*, 370 F.3d at 560. We review a district court9s decision denying a party permission to proceed anonymously for an abuse of discretion. *Cf. Porter*, 370 F.3d at 560.

In this case, Koe claimed only that his lawsuit would require him to disclose undescribed intimate information from his counseling sessions. But Koe did not specify how he would be harmed by the disclosure of his identity. *See Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1068 (9th Cir. 2000) (holding that an anonymous party9s fear of harm must be reasonable). And Koe could have been protected from the disclosure of private or embarrassing information that he revealed in his counseling sessions by filing the records under seal. *See Blue Cross*, 112 F.3d at 872 ("Should 8John Doe9s9 psychiatric records contain material that would be highly embarrassing to the average person yet somehow pertinent to this suit and so an appropriate part of the judicial record, the judge could require that this material be placed under seal.").

**\*3** Koe's case is therefore materially indistinguishable from *Doe v. Carson*, Nos. 19-1566/19-1714, 2020 WL 2611189 (6th Cir. May 6, 2020). Like Koe in this case, the plaintiff in *Carson* claimed that she was discriminated against on the basis of a mental disability and wanted to proceed under a pseudonym to avoid the stigma associated with mental illness. "But Doe failed to identify any exceptional circumstances distinguishing her case from other cases brought by plaintiffs claiming disability discrimination who suffer from mental illness." *Id.* at \*3. Moreover, Doe did not identify "any specific harm arising from disclosure of her identity." *Id.* We concluded therefore that the district court did not abuse its discretion in refusing the plaintiff permission to proceed anonymously. *See id.*

It is true that the district court might have erred in dismissing Koe9s complaint for lack of jurisdiction. *Compare Citizens for a Strong Ohio v. Marsh*, 123 F. App'x 630, 637 (6th Cir. 2005) ("[T]he federal courts lack jurisdiction over the unnamed parties, as a case has not been commenced with respect to them." (quoting *Nat9l Commodity & Barter Ass9n v. Gibbs*, 886 F.2d 1240, 1245 (10th Cir. 1989))), *with B.R. v. F.C.S.B.*, 17 F.4th 485, 496 (4th Cir. 2021) (suggesting that *Gibbs* is a "drive-by jurisdictional ruling" and holding that pseudonymous filings do not affect the subject-matter jurisdiction of federal courts) (quoting *Steel Co. v. Citizens for a Better Env9t*, 523 U.S. 83, 91 (1998)); *but see M.A.C. v. Gildner*, 853 F. App'x 207, 210 (10th Cir. 2021) (adhering to circuit precedent that "proceeding anonymously without permission is a jurisdictional defect that may (and, indeed,

Koe v. University Hospitals Health Systems, Inc., Not Reported in Fed. Rptr. (2024)

2024 WL 1048184

must) be raised *sua sponte*"). Nevertheless, dismissal of Koe9s complaint for failure to comply with Rule 10(a) would have been appropriate. *See Carson*, 2020 WL 2611189, at *3; *Doe v. Kamehameha Schs./Bernice Pauahi Bishop Est.*, 596 F.3d 1036, 1045-46 (9th Cir. 2010). Consequently, the district court9s conclusion that it lacked subject-matter jurisdiction over Koe9s complaint was at worst a harmless error. *See* 28 U.S.C. § 2111; *see also Seaton v. TripAdvisor LLC*, 728 F.3d 592, 601 n.9 (6th Cir. 2013) ("[W]e may affirm the district court9s judgment on any basis supported by the record.").

We also reject Koe9s contention that he did not have a fair opportunity to make his case to proceed anonymously. Koe included a motion to proceed under a pseudonym in his complaint, and he presented his reasons for using an alias and cited case law in support of that argument. Moreover, the defendants filed a motion to dismiss on the ground that Koe did not move for permission to proceed under a pseudonym before filing his complaint. Although Koe did not respond to that motion, he did file a Rule 59(e) motion that reiterated and amplified his reasons for proceeding under a pseudonym. In sum, the record shows that Koe had a fair opportunity to present his position to the district court. *Cf. Smith v. Perkins Bd. of Educ.*, 708 F.3d 821, 831 (6th Cir. 2013); *Nagarajan v. Jones*, 33 F. App'x 791, 792 (6th Cir. 2002).

Accordingly, we affirm the district court9s dismissal of Koe9s complaint without prejudice. We conclude, however, that Rule 26(c)(1) did not authorize the district court to enter the protective order requested by the defendants. Rule 26(c) (1) governs harassing and burdensome discovery requests.

*See Serrano v. Cintas Corp.*, 699 F.3d 884, 901 (6th Cir. 2012). But here, the defendants were not seeking relief from improper discovery requests. Rather, they requested and received what amounts to a no-contact order because of Koe9s allegedly harassing emails and correspondence to their officers and employees. Rule 26(c)(1) plainly does not apply in this situation. *See Violette v. P.A. Days, Inc.*, 427 F.3d 1015, 1017 (6th Cir. 2005) ("[C]ourts must begin their interpretation of the Federal Rules, as with other laws, 8with the language employed by Congress and the assumption that the ordinary meaning of that language accurately expresses the legislative purpose.9" (quoting *Park 8N Fly, Inc. v. Dollar Park & Fly, Inc.*, 469 U.S. 189, 194 (1985))); *Smith v. Ky. Fried Chicken*, No. 06-426-JBC, 2007 WL 162831, at *5 (E.D. Ky. Jan. 18, 2007) ("Rule 26(c) deals with protection from abusive and harassing discovery; it is not meant to limit a party9s communications with other parties."). And there are state remedies available if Koe9s allegedly harassing communications continue and are sufficiently severe. *See* Ohio Rev. Code § 2903.211(A)(1) (prohibiting a pattern of conduct that knowingly causes mental distress to another person).

**\*4** For these reasons, we **AFFIRM** the district court9s judgment, and we **REMAND** the case to the district court with instructions to vacate the protective order.

### All Citations

Not Reported in Fed. Rptr., 2024 WL 1048184

---

Footnotes

1    Koe brought claims under the Americans With Disabilities Act, 42 U.S.C. § 12112, et seq., Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq., and the Genetic Information Nondiscrimination Act of 2008, 42 U.S.C. § 2000ff, et seq.

---

**End of Document**                                    © 2025 Thomson Reuters. No claim to original U.S. Government Works.