No. 25-1452

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED

May 12, 2026
KELLY L. STEPHENS, Clerk

JANE DOE,                                          )
                                                   )
    Plaintiff-Appellant,                           )
                                                   )   ON APPEAL FROM THE UNITED
v.                                                 )   STATES DISTRICT COURT FOR
                                                   )   THE EASTERN DISTRICT OF
ERIK EDOFF, Former L'Anse Creuse Public            )   MICHIGAN
School Superintendent, et al.,                     )
                                                   )
    Defendants-Appellees.                          )

O R D E R

Before:  COLE, THAPAR, and LARSEN, Circuit Judges.

Jane Doe, proceeding pro se, appeals the district court's judgment dismissing without prejudice her civil suit alleging fraud.  This case has been referred to a panel of the court that, upon examination, unanimously agrees that oral argument is not needed.  *See* Fed. R. App. P. 34(a). Doe also moves to supplement the record, to seal documents, and to recuse the district court judge. For the following reasons, we deny Doe's motions and affirm the district court's judgment.

Doe sued 42 defendants, all of whom are current or former teachers or administrators employed by L'Anse Creuse Public Schools or employees of the United States Department of Education's Civil Rights Office.  She alleged that the defendants committed fraud by falsifying her children's grades and school records, which caused them to "be[] overlooked for school awards, academic scholarships and grant opportunities that they otherwise would have been eligible for," and prevented them from renewing "entertainment permits" in three states.  R. 1, PageID 18.  She sought $655,640 in compensatory damages and $150 million in punitive damages. Doe moved for leave to proceed in forma pauperis (IFP), and she sought to proceed under the Jane

Doe pseudonym because the case involved minors, she did not want to disclose "name, address, social security number and any other specific" identifying information, and she feared retaliation.

The defendants moved for a more definite statement and to bar the plaintiff from proceeding as Jane Doe, explaining that they could not determine the plaintiff's identity and that it was "difficult to determine what cause of action is presented." R. 10, PageID 119-20, 128-32. Alternatively, they asked the district court to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6), for failure to state a claim upon which relief could be granted. The district court scheduled a hearing for May 1, 2025, to address Doe's motions to proceed under a pseudonym and the defendants' motion for a more definite statement.

Before the scheduled hearing, the district court denied the plaintiff's motion to proceed under the Jane Doe pseudonym, as well as the defendants' motion for a more definite statement. It concluded that a hearing was not necessary. The district court ordered the plaintiff to file an amended complaint disclosing her full name by March 31, 2025. The district court also advised the plaintiff to correct "any pleading deficiencies" when drafting the amended complaint. R. 35, PageID 229. It denied without prejudice the defendants' motion to dismiss.

On March 21, 2025, Doe filed a "response," stating that she should be afforded whistleblower protection and leave to proceed under the Jane Doe pseudonym because she had "direct incontrovertible evidence" of fraud. R. 37. The district court construed this letter as a motion for reconsideration of its prior order, which it denied. It noted that its order remained "in full force and effect," and it again warned the plaintiff that it would dismiss her case without prejudice if she did not file an amended complaint disclosing her identity by March 31, 2025. R. 38, PageID 248. On April 16, 2025, the district court dismissed the case without prejudice, because Doe had not complied with its order to file an amended complaint.

On appeal, Doe argues that the district court should have allowed her to proceed under the Jane Doe pseudonym, because her claims involve minors. She also generally contends that the defendants violated various conspiracy, fraud, corruption, obstruction, and antitrust statutes by altering her children's academic records.

The district court dismissed Doe's complaint because she failed to file an amended complaint revealing her identity by March 31, 2025. Federal Rule of Civil Procedure 41(b) allows a district court to dismiss a complaint "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order." Fed. R. Civ. P. 41(b). We review for an abuse of discretion a district court's decision to dismiss a case for failure to prosecute or failure to comply with a court order. *Carpenter v. City of Flint*, 723 F.3d 700, 703-04 (6th Cir. 2013) (failure to prosecute); *Mager v. Wis. Cent. Ltd.*, 924 F.3d 831, 837 (6th Cir. 2019) (failure to comply). We also review for an abuse of discretion a district court's refusal to allow a plaintiff to proceed under a pseudonym. *See D.E. v. Doe*, 834 F.3d 723, 728 (6th Cir. 2016). To determine whether a plaintiff should be allowed to proceed under a pseudonym, courts should consider the following factors:

> (1) whether the plaintiff is suing to challenge governmental activity; (2) whether prosecution of the suit will compel the plaintiff to disclose information "of the utmost intimacy"; (3) whether the litigation compels plaintiff to disclose an intention to violate the law, thereby risking criminal prosecution; and (4) whether the plaintiff is a child.

*Id.* (quoting *Doe v. Porter*, 370 F.3d 558, 560 (6th Cir. 2004)).

Doe's suit does challenge governmental activity, but the threadbare allegations in her complaint do not suggest that she will have to publicly disclose intimate information. Although Doe alleged that the defendants altered her children's grades, all but the most pertinent academic records could be redacted from court documents. There also is no indication that Doe intends to violate the law, and while some of Doe's children may still be minors, they are not named as parties, and Doe did not allege that she, herself, is a minor. The district court therefore did not abuse its discretion by denying Doe's request to continue litigating under a pseudonym. *See id.*

We next consider whether dismissal without prejudice was the proper sanction for Doe's failure to file an amended complaint disclosing her identity. Again, four factors are relevant:

> (1) whether [Doe's] failure [to comply was] due to willfulness, bad faith, or fault; (2) whether the [defendants were] prejudiced by [Doe's] conduct; (3) whether [Doe] was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal.

*Mager*, 924 F.3d at 837 (quoting *United States v. Reyes*, 307 F.3d 451, 458 (6th Cir. 2002)); *Carpenter*, 723 F.3d at 704 (quoting *Mulbah v. Detroit Bd. of Educ.*, 261 F.3d 586, 589 (6th Cir. 2001)).

Applying these factors, we infer from the record that Doe willfully failed to comply with the district court's order to file an amended complaint that disclosed her identity. Doe was aware of the order: she filed a letter protesting the order, which the district court construed as a motion for reconsideration. Doe did not file an amended complaint even though the district court twice warned her that her complaint would be dismissed if she did not do so. And Doe has provided no reason for failing to comply, instead maintaining her opposition to the district court's ruling. The defendants were prejudiced by Doe's conduct, because without identifying information, it was difficult to defend against her allegations. Again, Doe was warned twice that failing to comply with the district court's order would lead to dismissal without prejudice. Finally, dismissal without prejudice is a less drastic sanction than dismissal *with* prejudice, and the case could not proceed without Doe providing identifying information. Under these circumstances, the district court did not abuse its discretion by dismissing Doe's case without prejudice.

Finally, Doe moves to supplement the record to add defendants, update the job titles of already named defendants, and add a defamation-of-character claim. We deny these motions, because Doe cannot add claims or defendants at this juncture, *see Barner v. Pilkington N. Am., Inc.*, 399 F.3d 745, 749 (6th Cir. 2005), and it is not necessary to update the defendants' information, because the district court properly dismissed the case. Doe also moves to seal the record, seemingly because minors are involved. We deny that motion because Doe has not identified any specific information that requires sealing. Finally, Doe moves this court to order the district court judge to recuse herself. That motion is moot, because district court proceedings have concluded.

For the foregoing reasons, we **DENY** all pending motions and **AFFIRM** the district court's judgment.

ENTERED BY ORDER OF THE COURT

Kelly L. Stephens, Clerk